UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
31 COMMERCE STREET LLC,

                          Plaintiff,

                  -against-

THE VILLAGE OF SPRING VALLEY,
GEORGE O. DARDEN, PHILIP ROSENTHAL,
BETTIE BROWN, DEMEZA DELHOMME,
NORAMIE JASMIN, Constituting the BOARD OF
TRUSTEES of the Village of Spring Valley,

                          Defendants,
------------------------------------------------------------------x

**COMPLAINT**

08 CIV. 3158

BRIEANT

## I. PARTIES

1. At all times hereinafter mentioned, Plaintiff, 31 Commerce Street LLC, was and is a duly created Limited Liability Corporation formed under the laws of the State of New York, with offices at 31 Commerce Street, Spring Valley, NY 10977.

2. At all times hereinafter mentioned, Plaintiff was and is the owner of real property located at 31 Commerce Street in the Village of Spring Valley, County of Rockland in the State of New York, which property is known and designated on the tax map of the Town of Ramapo as Section 57.38, Block 1, Lot 41 (hereinafter referred to as "subject property").

3. At all times hereinafter mentioned, GEORGE O. DARDEN, PHILIP ROSENTHAL, BETTIE BROWN, DEMEZA DELHOMME, and NORAMIE JASMIN (hereinafter collectively referred to as the "Village Board", or "Defendants"), constitute the Board of Trustees of the Village of Spring Valley.

4. At all times hereinafter mentioned, Defendants were authorized to entertain special permit petitions pursuant to Village Law of the State of New York §7-712(a)(4), and

§255-57(A) of the Zoning Local Law of the Village of Spring Valley (hereinafter referred to as the "Zoning Law").

5. Defendant, Village of Spring Valley is a municipal corporation organized and functioning pursuant to the Laws of the State of New York. Defendant, Village Board includes five elected members and is responsible for establishing policies for the Village.

6. At all times hereinafter mentioned, Defendants, Board of Trustees maintains an office for the transaction of business at 200 North Main Street, Spring Valley, New York 10977.

7. Defendant, Bettie Brown no longer serves on the Village Board, but did so at all times relative to this Complaint.

## II. PROCEDURAL HISTORY

8. By application/petition, dated April 23, 2004, Plaintiff sought a special permit for the overnight storage of 40-foot bus coaches with a 3000 square foot building for office and light bus repairs.

9. The Spring Valley code allows for said uses pursuant to §255-28 by the issuance of a special permit.

10. Consistent with the Village Law §7-725(B) and §255-28 of the Zoning Local Law of the Village of Spring Valley, the Plaintiff filed an application for the special permit uses sought and described above.

11. On October 26, 2004, a public hearing was held on the subject application at the conclusion of which, Defendants, on a 5-0 vote, denied Plaintiff's special permit application. A copy of Defendants' decision was filed in the Spring Valley Clerk's Office on or after March 23, 2005.

12. Plaintiff then commenced an Article 78 Proceeding challenging the determination of the Village Board. Said proceeding was assigned to the Honorable William Nelson, Supreme Court Judge, County of Rockland, State of New York.

13. On February 14, 2006 Judge Nelson issued a decision and order remanding Defendants' decision for failure to provide findings of fact.

14. On February 28, 2006, Defendants adopted findings of fact, which were filed with the Village Clerk on March 28, 2006.

### III. SUBJECT PROPERTY

15. Plaintiff, 31 Commerce Street, LLC, purchased the subject property from MISCAR Holding Corp., on July 31, 2002.

16. At all times hereinafter mentioned the property was and is located in a PLI zoning district pursuant to the Spring Valley Zoning Local Law. PLI is defined as Planned Light Industrial District.

17. Pursuant to the Spring Valley Zoning Local Law, the storage of vehicles with ancillary office and light vehicle repair uses are permitted upon issuance of a special permit granted by the Board of Trustees.

### IV. JURISDICTION

18. This court has jurisdiction over this cause pursuant to 28 U.S.C. Sections 1331, 1343 (3) and (4) and 42 U.S.C. Sections 1983 and 1988.

### V. FACTUAL ALLEGATIONS

19. Plaintiff, 31 Commerce Street LLC prior to making the purchase of the subject parcel visited two properties with Defendant, Mayor Darden. Mayor Darden, expressing strong desire to rid the Village of an existing junkyard and looking for a strong ratable, assured Plaintiff that if it purchased the subject parcel for use as a bus and storage yard, that it

would receive approval for same. In reliance of the Mayor's assurances, Plaintiff proceeded to contract for the purchase of the subject parcel.

20. Plaintiff paid a down payment of $50,000.00 in case at the closing and further procured a mortgage, in the sum of $350,000.00 at 14% interest rate.

21. Before said purchase and as a material inducement to Plaintiff's purchase, Defendant, Darden advised Plaintiff that he would assist it in obtaining the requisite municipal approvals for the development of the parcel as a bus depot.

22. Defendant, Darden even pointed out that the adjoining lot to the subject property was being operated as a school bus depot.

### V. PLAINTIFF'S PROPOSAL FOR DEVELOPMENT

23. In April 2004, Plaintiff petitioned Defendant, Village Board for a special permit to operate a bus depot, a use allowed under Defendants' Village Zoning Local Law.

24. The proposal complied with the Village's zoning ordinances in all respects.

25. Notwithstanding this compliance, and the fact that the Village Board approved the exact same use, as Plaintiff proposed, for an adjoining property owner, Defendant, Village Board denied Plaintiff's petition on the fallacious reason that the roads fronting the property were incapable of handling Plaintiff's vehicles. Defendants never squared their decision with the fact that <u>all</u> of the adjoining properties within 200 feet of Plaintiff's property were commercial and used large heavy buses or trucks to conduct their businesses.

26. The court should also take notice that Plaintiff also satisfied all requirements imposed by the State Environmental Quality Review Act (SEQRA).

## VI. MOTIVATION FOR DEFENDANTS' ACTIONS

27. The principals of Plaintiff, 31 Commerce Street LLC are all practicing Orthodox Jews. Throughout the approval process, Plaintiff was "reminded" of such fact.

28. Defendant read into the record of its proceedings a letter sent by Helen Kelly, dated August 27, 2004 in which she opined "why would a bus company known as 'Monsey Trails' that has been located in the Village of New Square for well over a decade purchase property near my home". She concluded her letter by derogatorily referring to Plaintiff as "Monsey New Square Trails".

29. New Spring Valley Village Trustee Demeza Delhomme on this television show "Kat Sou Tab" spewed anti-Semitic invective during the approval process further inflaming the anti-Semitic animus pervading the Plaintiff's ability to have a fair and impartial hearing.

30. The Village Building Inspector, without probable cause, violated Plaintiff for its use of the property as a "junkyard" after it allegedly cessated in use as in pre-existing, non-conforming use.

31. While that matter was being heard by the Village Zoning Board of Appeals, as a break in protocol, Defendant, Darden sat witness to the Zoning Board of Appeals hearing, prompting an adverse vote on the issues.

32. In fact, while at the Public Hearing, the Zoning Board of Appeals made inflammatory statements such as "those people will not get a variance."

33. Counsel for Plaintiff questioned the Board to clarify what they meant by "those people." The Board refused to answer.

34. While the record is replete with the religious animus that Plaintiff was facing, the most troubling aspect of the proceeding was the fact that every other applicant who sought the

same use for adjoining properties using the same roads were granted approvals by Defendants.

35. 230 Kids Corp., the adjoining property owner, applied for a special permit before Defendant, Village Board to utilize its property to store school buses (all exceeding or matching the length of the Plaintiff's buses). They were granted by Defendant. Upon information and belief, 230 Kids Corp., is not owned or operated by Orthodox Jews.

36. Directly across the street from Plaintiff's property is Beckerle Lumber which operates a lumber storage yard where it routinely receives lumber supplies by vehicles in excess of 40 feet in length. Beckerle uses the same roads that Defendants claim it is unlawful for Plaintiff to use. Of course, upon information and belief, Beckerle Lumber is not owned by Orthodox Jews; therefore, Defendants' strict interpretation of their laws do not apply to Beckerle Lumber.

37. The same provision which Defendants rely upon to deny Plaintiff its special permit petition also prohibits vehicles which exceed eleven (11) tons on those same roads. Therefore, it is quite fortuitous for JJJ Concrete located at 20 Myrtle Avenue, a mere few yards from Plaintiff's property, that it is not owned by Orthodox Jews.

38. Riverside Carting, also within walking distance of Plaintiff's property, has had no objections from Defendants with respects to its operating and storing its multi-ton garbage trucks on its property. Upon information and belief, Riverside Carting is not owned by Orthodox Jews.

39. Plaintiff is merely seeking approval from Defendants to use its property in a manner which is allowed under the Defendants' existing zoning and consistent with the other neighboring uses which Defendants approved or allowed for everyone else.

40. The true motivation of Defendants' denial of Plaintiff's special permit application was vocal anti-Semitic animus. The "standard of review" for this application was increased by virtue of Plaintiff's religion. In so proceeding, Defendants have been motivated by impermissible and malicious anti-Semitism.

41. The facts alleged herein make out a continuing violation of the equal protection rights of Plaintiff.

### VII. PLAINTIFF'S DAMAGES

42. But for Defendant, Mayor Darden's assurance that Plaintiff's application for a bus depot on the subject property would be both desired and approved, Plaintiff would not have contracted to purchase the property in 2002.

43. On account of Defendants' concerted efforts detailed above, Plaintiff has been damaged in the following manner:

   (a) The stress and strain of ongoing hostile contact with the various Defendants and their appointees and employees;

   (b) Plaintiff expended between $500,000.00 and $600,000.00 in the purchase of the property, mortgage interest, property taxes, insurance, attorneys' fees, application fees, engineering fees, and related carrying costs all in furtherance of its legitimate efforts to develop the subject property. Said funds will be irretrievably lost if municipal Defendants are permitted to prohibit Plaintiff from developing its property;

   (c) Plaintiff has been deprived of the profits, which would have been accrued from the operation of its business at the property, due to the obstructive and malicious conduct of Defendants acting in concert.

## VIII. CAUSES OF ACTION

### A. FOR A FIRST CAUSE OF ACTION

44. Plaintiff incorporates paragraphs 1 through 43 as if fully rewritten herein.

45. By imposing more stringent standards and requirements upon Plaintiff than upon other non-Jewish applicants in the Village of Spring Valley on the basis of Plaintiff's religion and status as outsiders in the Village of Spring Valley, Defendants have intentionally and maliciously violated the equal protection clause of the Fourteenth Amendment and 42 U.S.C. Section 1983.

### B. FOR A SECOND CAUSE OF ACTION

46. Plaintiff incorporates paragraphs 1 through 45 as if fully rewritten herein.

47. By conspiring to deprive Plaintiff of its right to develop property in a manner like that granted to local residents of Spring Valley, Defendants have acted to deprive Plaintiff of its rights provided in Section 1 of the Fourteenth Amendment, **i.e.,** the right to travel and profitably establish a business in the Village of Spring Valley, a right protected by the "privileges and immunities" clause of that amendment.

### C. FOR A THIRD CAUSE OF ACTION

48. Plaintiff incorporates paragraph 1 through 47 as if fully rewritten herein.

49. By acting in concert with the aforecited municipal bodies and officials, Defendants have conspired with each of them and intertwined themselves with these state actors in an intentional and, malicious effort to violate the equal protection clause of the Fourteenth Amendment, the privilege or immunities clause of the Fourteenth Amendment and 42 U.S.C. Section 1983 and deny Plaintiff's the equal protection of laws on the basis of Plaintiff's religion and status as "outsiders" in the Village of Spring Valley.

WHEREFORE, Plaintiff prays that this Honorable court: (a) accept jurisdiction over this matter; (b) enter preliminary and permanent injunctions against the Village Board and its members requiring them to apply to Plaintiff's the same standards and requirements as have been applied to other developments in the Village of Spring Valley and enjoining them from making more stringent impositions upon Plaintiff's development; (c) enter preliminary and permanent injunctions against the Village Board and its members causing them to cease and desist from interfering with the activities of the Plaintiff with respect to its use of the subject property; (d) empanel a jury to hear and determine Plaintiff's claim for: (i) compensatory damages to make it whole for the actual loss in income and profits caused by the concerted actions of the Defendants, individually and severally, in the sum of $1,500,000 and (ii) punitive damages against the Defendants for their malicious violation of Plaintiff's rights on the basis of their religious status or their status as newcomers to the Village of Spring Valley in the sum of $5,000,000; (e) award on Plaintiff's behalf, attorneys' fees and costs arising from this suit pursuant to 42 U.S.C. Section 1988; and (f) enter any other orders deemed just on the basis of the facts and the law.

Dated: March 28, 2008
   Stony Point, New York

                Phillips & Millman, LLP
                Attorney for Plaintiff
                50 Route 9W, Monte Plaza
                Stony Point, New York 10980
                (845) 947-1100

       By: _____
          Frank J. Phillips (FP 2943)